GEORGE W. KENNER, Respondent, v. CHESTER, PERRY-VILLE, STE. GENEVIEVE & FARMINGTON RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 23, 1897.

1. **Railroads:** STOCK KILLED: NEGLIGENCE: EVIDENCE. In an action against a railroad, for damages for the killing of a cow through the alleged negligence of its servants in running its train, where there was a judgment for plaintiff, and the evidence was conflicting, but tended to show that the cow was in a perilous position, and if the engineer and fireman had been looking they could have stopped the train in time to have avoided the accident,—*Held:* That the evidence was sufficient to support the judgment.

2. Trial Practice: INTERROGATION OF WITNESSES: IMPEACHMENT. The interrogation of a witness on cross-examination as to a statement made by him to certain persons, embodying the time, place, and persons to whom alleged to have been made, with the view of contradicting the previous testimony of the witness, is a matter of common practice, and an objection to such question is without merit.

*Appeal from Ste. Genevieve Circuit Court.*—HON. JAMES D. FOX, Judge.

AFFIRMED.

*Killiam & Greenwell* and *M. R. Smith* for appellant.

The court erred in refusing defendant's instruction in the nature of a demurrer to plaintiff's evidence, which was totally irreconcilable, showed no negligence on the part of defendant or its servants, and preponderated in favor of defendant, while the burden of proof was on plaintiff. *Moore v. R'y*, 28 Mo. App. 622; *Hewitt v. Doherty*, 25 *Id.* 326; *Blackwell v. Adams*, 28 *Id.* 61; *Polack v. Hanauer*, 26 *Id.* 261; *Garrett v. Greenwell*, 92 Mo. 120. See, also, *Ettlinger v. Kahn*, 36 S. W. Rep. (Mo.) 37; *Caldwell v. Smith*, 88 Mo. 44; *Spohn v. R'y*, 87 *Id.* 74; *Caster v. R'y*, 65 Mo. App. 359; *Nickerson v. Eddy*, 50 *Id.* 570.

Statement before justice of the peace was fatally defective in not showing that suit was brought in township where injury occurred or in an adjoining township. R. S. 1889, sec. 6126, subdiv. 5; *Mitchell v. R'y*, 82 Mo. 108; *Jewett v. R'y*, 38 Mo. App. 150; *Bockenstoe v. R'y*, 86 Mo. 494; *Briggs v. R'y*, 111 *Id.* 176.

The cow was killed within an incorporated town, and within switch limits, and defendant was, therefore, only required to use all reasonable means to prevent injuring the cow after its perilous position was discovered. *Caster v. R'y*, 65 Mo. App. 363.

The admission of declaration of Stevenson was error. Defendant is not bound by its conductor's declaration. *McDermott v. R'y*, 73 Mo. 516; 1 Patt. Dig. [Last Ed.], p. 404, sec. 758.

*T. B. Whitledge* and *Edward A. Rosier* for respondent.

Unless mistake, fraud, prejudice, or passion manifest themselves in the rendition of the verdict, this court will not interfere by weighing the evidence on which it is founded. *Guttredge v. R. R.*, 105 Mo. 110; *Pitts v. Sheriff*, 108 *Id.* 110; *Goodman v. Simmons*, 113 *Id.* 122–132; *State ex rel. v. Hope*, 121 *Id.* 34–41; *St. Louis v. Lanigan*, 97 *Id.* 175–178.

When facts are disputed, or different inferences may be drawn, the jury should be permitted to pass upon the facts. *Railroad v. Ives*, 12 Sup. Ct. Rep. 679; *O'Milla v. R. R.*, 115 Mo. 215–220; *Mauerman v. Siemerts*, 71 *Id.* 101.

If there is any evidence to support the finding, the court will not disturb it. *Guttredge v. R. R.*, 105 Mo. 110; *State ex rel. v. Hope*, 121 *Id.* 34–41; *Ettlinger v. Kahn*, 36 S. W. Rep. 37.

The court did not err in admitting statement of conductor. It was in contradiction of his own testimony and tended to impeach him. *Spohn v. R. R.*, 101 Mo. 417, 454.

The case was tried upon theory that it was the duty of defendant to keep a lookout, and if, by exercise of ordinary care, they could have discovered the peril of plaintiff's cow in time to have stopped their train and avoided injury, they were responsible. *Scott v. Nevada*, 56 Mo. App. 190; *Bielman v. R. R.*, 50 *Id.* 151; *Corn v. City of Cameron*. See, also, as to accident on track on public street within a town, *Hill v. R. R.*,

121 Mo. 477; *Same v. Same*, 49 Mo. App. 520; *Kendig v. R. R.*, 79 Mo. 207.

BIGGS, J.—This is an action for damages for killing a cow. The original complaint does not appear in the record, but the transcript of the justice before whom the suit was brought, states the charge to be in effect, that the cow was run over and killed by a train on defendant's road, and that the accident was the result of the negligence of the servants of the defendant who were running the train. There were judgments in favor of the plaintiff before the justice and in the circuit court, and the defendant by successive appeals has brought the case here for review.

It is claimed that the evidence introduced by the plaintiff is not sufficient to support the judgment, in that the testimony of the two principal witnesses, who professed to have witnessed the accident, is so contradictory and irreconcilable that the statements of one suffice to contradict those of the other.

It appears that the cow was killed within the corporate limits of the town of St. Mary's. The railroad extends through the town along the west bank of the Mississippi river. The street upon which it is located is intersected by cross streets. The train in question approached from the south, and the testimony shows that for quite a distance in that direction and up to the point where the cow was killed, the track is straight and with but few obstructions near it. Both of the plaintiff's witnesses agree that when they saw the train approaching, the cow was on the east side of the track next to the river. One of them said, that when the train was some distance from the cow she started and ran north along the track a distance of fifty or sixty feet, then she got onto the track and continued her

STOCK killed by railroad: negligence: evidence.

flight for perhaps twenty or thirty feet, when she was struck by the engine and killed. The other witness stated that the cow first went across the track and ran north along the west side of the track until the train got very near to her, when she came upon the track and was soon overtaken and killed. Both say that the train was running at the ordinary speed, and that the engineer and fireman did nothing to avoid the accident. It is impossible to reconcile the testimony of these witnesses as to the details. The conflict, however, is a matter of no moment, as it could make no difference which side of the track the cow was on. In either case the evidence tended to show that she was in a perilous position, and that if the engineer and fireman had been looking they could have stopped the train in time to have avoided the accident.

The conductor testified that the cow came upon the track from behind a pile of cord wood, and that when she came upon it she was so near the engine that it was impossible to prevent the collision. He was asked on cross-examination if he had not stated that the killing of the cow was, "a piece of carelessness on the part of the engineer." The time, place, and persons to whom the statement was alleged to have been made were embodied in the question. The objection to the question is without merit. It was asked with a view of contradicting the previous testimony of the witness which is a matter of common practice.

INTERROGATION of witness: impeachment.

The objections to the sufficiency of the complaint can not be considered. The complaint is not set forth in the record.

With the concurrence of the other judges, the judgment will be affirmed. It is so ordered.